IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VASYL YAKOVETS, | * |
| Plaintiff | * |
| v. | *    CIVIL NO. JKB-13-3439 |
| SIDNEY CARL BAILIN *et al.*, | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

*I. Background*

Plaintiff Vasyl Yakovets filed a complaint in this Court alleging Defendant Sidney Carl Bailin was liable to Yakovets for injuries he received in a car accident occurring on July 20, 2012, in the District of Columbia; Yakovets alleged Bailin was at fault when he changed lanes without yielding the right of way to Yakovets's vehicle. (Compl. ¶¶ 6-9, ECF No. 1.) In addition to the negligence claim against Bailin, Yakovets brought a breach-of-contract claim against his insurance company, Safeco Insurance ("Safeco"), for alleged failure to pay damages caused by the negligence of an underinsured motorist. (*Id.* ¶¶ 15-19.) Yakovets is alleged to be a Maryland resident, and Bailin's last known address is allegedly in Washington, D.C. (*Id.* ¶¶ 1-2.)

After Bailin simultaneously filed a motion to dismiss for lack of personal jurisdiction (ECF No. 8) and an answer in which he raised, *inter alia*, the defense of lack of personal

jurisdiction (ECF No. 9),[1] Yakovets filed an amended complaint that added Tower Insurance Company of New York ("Tower") as a third defendant, also on a theory of breach of contract for alleged failure to pay damages caused by the negligence of an underinsured motorist (Am. Compl., ECF No. 14).[2] In this amended complaint, Yakovets alleged complete diversity existed among the parties since Safeco is a citizen of Massachusetts and Tower is a citizen of New York and further alleged that venue was proper in this District. (*Id.* ¶¶ 2-3.) Shortly thereafter, Yakovets filed a response in opposition to Bailin's motion to dismiss for lack of personal jurisdiction arguing venue was proper in this District and, if not, the case should be transferred to the federal district court in Washington, D.C. (ECF No. 18.) Bailin then filed a motion to dismiss the amended complaint for lack of personal jurisdiction and improper venue (ECF No. 21) and an answer to the amended complaint, raising the same affirmative defense (ECF No. 22). Yakovets voluntarily dismissed Safeco (ECF No. 23) and filed a response in opposition (ECF No. 24) to Bailin's motion to dismiss the amended complaint (hereinafter referred to as the "complaint"). The motion and response have been considered, and the Court determines that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). The motion will be granted and the case will be transferred to the District of the District of Columbia.

## II. *Applicable Legal Standards*

Because it was filed simultaneously with Bailin's answer to the complaint, the Court will treat Bailin's motion as having been filed under Federal Rule of Civil Procedure 12(c) requesting judgment on the pleadings. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009) (treating

---

[1] Bailin also filed a motion to dismiss for lack of subject matter jurisdiction because Yakovets failed in his initial complaint to allege the citizenship of Safeco. (ECF No. 10.) This motion was mooted by the amended complaint (ECF No. 14).

[2] Yakovets filed an amended complaint (ECF No. 11) on December 27, 2013, that was superseded by the amended complaint (ECF No. 14) filed on December 31, 2013.

motion to dismiss for failure to state claim under Rule 12(b)(6), filed simultaneously with answer, as motion for judgment on pleadings under Rule 12(c)). Whether Yakovets's complaint establishes personal jurisdiction by this Court over Bailin is evaluated the same under Rule 12(c) as under Rule 12(b)(2). *Walker*, 589 F.3d at 139.

Assertion by a federal district court of personal jurisdiction over a nonresident defendant is proper when two conditions are satisfied: "(1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). Under Maryland law, the exercise of long-arm jurisdiction is permitted by statute to the extent such jurisdiction is consistent with the Fourteenth Amendment's due process requirements; thus, the "statutory inquiry merges with [the] constitutional examination." *Kortobi v. Kass*, 978 A.2d 247, 256-57 (Md. 2009). Based on the constitutional requirement of "minimum contacts," Maryland courts inquire whether the state has either "general jurisdiction"—where the cause of action is unrelated to the defendant's contact with Maryland but the defendant has engaged in continuous and systematic conduct in the state—or "specific jurisdiction"—where the cause of action arises out of the defendant's contacts with Maryland. *Id.* at 257.

*III. Analysis*

Bailin argues Yakovets's complaint fails to allege facts establishing that this Court has personal jurisdiction over him. The Court agrees. Nothing in the complaint allows the conclusion that this Court has, under Maryland law, general jurisdiction over Bailin because Yakovets has not alleged any conduct by Bailin in Maryland that can be considered continuous and systematic. And under the alternative concept of specific jurisdiction, it is clear that any

3

cause of action asserted by Yakovets against Bailin arose from the vehicle accident that occurred in the District of Columbia. *See Kortobi*, 978 A.2d at 259-60 (no specific jurisdiction in Maryland over defendant personal representative whose decedent allegedly caused plaintiff injury in vehicle accident in District of Columbia). The Court concludes, then, that it lacks personal jurisdiction over Bailin.

None of the arguments advanced by Yakovets overcomes this conclusion. The Court notes that both of his arguments confuse venue with personal jurisdiction, which are related yet distinct concepts. First, he argues that venue is proper based on Section 1391(b)(3), Title 28, United States Code, because "there is no District in which an action may otherwise be brought as provided in § [1391(b)](1) [or] (2)." (Pl.'s Opp'n 1, ECF No. 15.) Under § 1391, venue is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Clearly, all defendants are not residents of Maryland since Bailin resides in the District of Columbia, and subsection (b)(1), therefore, does not apply. However, as noted earlier, the vehicle accident occurred in the District of Columbia, and, consequently, venue is proper in the District of the District of Columbia under subsection (b)(2). Thus, no reason arises to consider the applicability of subsection (b)(3) since it only comes into play if neither subsection (b)(1) nor subsection (b)(2) applies.

Yakovets's second argument is that venue is proper in Maryland as to his breach-of-contract claim against Tower and, therefore, he asserts, venue for Bailin is

consequently proper in Maryland as well.  This argument only makes sense if § 1391(b)(3) applies, which it does not.  Under subsection (b)(2), which does apply, venue is proper as to Bailin in the District of Columbia and cannot be conferred on Maryland based on personal jurisdiction over a different defendant.

Nevertheless, Yakovets has correctly argued that transfer to an appropriate venue is a more desirable course of action than dismissal as to his claim against Bailin.  (Pl.'s Opp'n 1, ECF No. 24.)  Fourth Circuit case law has interpreted 28 U.S.C. § 1406(a) to allow "transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district."  *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988).  *See also In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 255-56 (4th Cir. 2002).  Yakovets's claim against Bailin may be litigated in the District for the District of Columbia, and in keeping with Yakovets's alternative suggestion, the case will be transferred there.

A separate order will issue.

DATED this <u>23rd</u> day of January, 2014.

                                                      BY THE COURT:

                                                     /s/
                                                   James K. Bredar
                                                 United States District Judge